(5 Misc. Rep. 557.)

## In re JEWETT'S ESTATE.

(Surrogate's Court, Orleans County. October, 1893.)

1. WILLS—CON·TRUCTION—DESCRIPTION OF LEGATEE.
   Testatrix, by the third clause of her will, bequeathed the residue of her property to her "remaining heirs, namely, my sister E., my deceased brother A., his heirs being [certain persons named,] and my deceased brother R., his heirs being [certain persons named.]" By the fourth clause he gave $500 to each of the persons named as the heirs of A., "provided, however, that the above sum shall not exceed the sum bequeathed above in 3rd" to them. Held, that the persons named as the heirs of A. and R. took, by implication, the shares that A. and R. would have taken if living.

2. SAME—INTEREST OF LEGATEE.
   A will provided as follows: "Third, I will and bequeath the residue of my property to my three remaining heirs, namely, my sister E.," etc. "Fifth. I will to my sister E., during the term of her natural life, the use of all my property." Held, that E. took one-third of the estate absolutely, under clause 3, and a life estate in the remaining two-thirds, under clause 5.

Judicial settlement of the accounts of the executors of the will of Lavina Jewett, deceased.

Pearl Coann, for executors.

SIGNOR, S. The will in this case is peculiar in its provisions, and is an example of how an intent to do a certain thing may be rendered obscure by the use of unnecessary and inappropriate language. The provisions of the will which it is necessary to construe to settle the estate are as follows:

"Third. I will and bequeath the residue of my property to my three remaining heirs, namely, my sister Elizabeth J. Mack, my deceased brother Allen Jewett, his heirs being Allen Stanley Jewett and Elizabeth E. Jewett, and to my deceased brother Rodney Jewett, his heirs being Mary Electa Jewett Blake, Jane Arabella Jewett Wood, Nathan Rodney Jewett, Harriet Jewett Gardner, Gertrude Eliza Bardwell, Fred B. Jewett, and Lavina Adalaide Jewett Starke. Fourth. I will that the sum of five hundred dollars be paid to each of the heirs of my deceased brother Allen, namely, Allen Stanley Jewett and Elizabeth E. Jewett, within one year, or as soon after my decease as can be done by my executors without sacrifice of property, provided, however, that the above sum shall not exceed the portion bequeathed above in 3rd to the said Allen Stanley and Elizabeth Electa. Fifth. I will to my sister Elizabeth J. Mack, during the term of her natural life, the use of all my property, the principal to be invested by my executors in such a way as to preclude the possibility of a loss. After the death of my sister Elizabeth J., Allen Stanley and Elizabeth Electa, heirs of my deceased brother Allen, are to receive the remainder of their portion as bequeathed to them in 3rd."

The bequests, being in terms made to deceased persons, are evidently void, unless by implication the intent of the testator can be ascertained to have been to give the bequests to the parties who are named as heirs. Strictly speaking, the naming of these persons as heirs is merely descriptive of the deceased person to whom the bequest is made. It is evident, however, that the intention was to give the share which such deceased person would have taken if living to the persons named as their heirs. This is made plainer by the direction contained in the fourth clause of the will, where she directs that "the sum of $500 be paid to each of the heirs of my deceased brother Allen, namely, Allen Stanley Jewett and Elizabeth E. Jewett, * * * provided, however, that the above sum shall not exceed the portion bequeathed above in 3rd to the said Allen Stanley and Elizabeth Electa." Apparently, the testator supposed that the bequest to her deceased brother Allen was a bequest to the persons named as his heirs, and, as the language is identical with the language used in regard to her other brother and the persons named as his heirs in the third clause of the will, it is also apparent that she intended to bequeath the share that would have gone to the other brother to the persons named as his heirs. This is a case where the heirs of the deceased brothers take by implication. 2 Jarm. Wills, (5th Ed.) p. 103; In re Vowers, (N. Y. App.) 21 N. E. Rep. 690. They each also take by implication the share given by the will to the deceased parent, namely, one-third of the estate.

The question has also been raised on this accounting whether the sister Mrs. Mack takes a one-third interest in the estate, or simply a life estate in the whole. It is as clear as anything in this peculiarly worded will that Mrs. Mack takes absolutely one-third of the estate bequeathed in the third subdivision, and a life use of the other two-thirds. By the fifth clause of the will the persons named as the heirs of the deceased brother Allen are to receive in any

event only one-third of the estate, for by that clause it is provided that they are to have only the balance of the share bequeathed to them in the third clause, which is one-third of the estate, after the death of Mrs. Mack. The only property clearly bequeathed in the third is to Mrs. Mack, of one-third of the estate absolutely, and there is certainly no bequest of this one-third to any other person. The only interest the persons named as heirs of the deceased brothers get is through the third clause of the will, and this, at most, gives them no more than the one-third they take by virtue of being named as heirs of their respective parents. Mrs. Mack is by the terms of the will entitled to one-third of the estate bequeathed in the third clause, and a life estate in the balance. This one-third should be paid to her on this accounting, and the remaining two-thirds, less the $1,000 paid heirs of Allen Jewett, invested in accordance with the provisions of the will, and the net income paid over to Mrs. Mack during her lifetime. A decree may be entered accordingly.